USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 7/29/2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re Application of

**JYOTI LAKHTAKIA**

Petitioner for an Order Pursuant to 28 U.S.C. § 1782 to
Conduct Discovery for Use in a Foreign Proceeding

------------------------------------------------------------x

**18-MC-501 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

Jyoti Lakhtakia (hereinafter, "Petitioner") petitions this Court for an order pursuant to 28 U.S.C. § 1782 requiring HSBC Holdings PLC (hereinafter, "Respondent") to produce documents for use in a foreign proceeding.

Petitioner filed her Application requesting foreign aid (hereinafter, the "Petition") on November 11, 2018. ECF Nos. 1-3. On November 20, 2018, Respondent was ordered to show cause as to why the Petition should not be granted. ECF No. 4. Respondent filed an Opposition on December 14, 2018. ECF Nos. 9-14. After the Court granted multiple adjournments as the Parties engaged in settlement negotiations, an Order to Show Cause Conference was held on May 20, 2019. ECF Nos. 14-27.

The Petition is deemed fully briefed, and the Parties have presented their arguments to the Court in full. After careful consideration, the Petitioner's 28 U.S.C. § 1782 Petition is hereby **DENIED**.

## BACKGROUND

This case stems from an action before the Canadian Family Court, in which Petitioner seeks child custody as well as child and spousal support from Vineet Mehra (hereinafter, "Mr. Mehra"). Pet'r's Mem. Supp. Pet. ¶ 2 ("Pet."). While an Award was issued in Petitioner's favor

in August of 2016, enforcement of that Award was stayed based on Mr. Mehra's representations to the Family Court regarding his income and ability to pay. *Id.*

Mr. Mehra's claims are vehemently contested by Petitioner. *Id.* ¶¶ 3-5. In particular, and as the basis for the instant Petition, Mr. Mehra alleged that he had no ownership interest in Alpha Natural Resources USA ("ANR"), Contra, and/or Universal Wealth Assets ("UWA"). *Id.* ¶ 3. Regarding UWA, Mr. Mehra insisted that Petitioner was the true owner. *Id.* Petitioner had no knowledge of her alleged ownership nor had she signed documents pertaining to UWA. *Id.* ¶ 5. Consequently, she proceeded to investigate Mr. Mehra's claims. *Id.*

According to the Petition, the investigation revealed that her signature was forged and that her passport and an expired driver's license were used on various documents pertaining to a change in ownership. *Id.* ¶ 6. Documents indicate that Petitioner's signature was attested by Bala Ganesan, Mr. Mehra's HSBC Singapore banker. *Id.* Petitioner alleges that at no point did she travel to Singapore, sign transfer documents, or authorize the use of her passport or driver's license. *Id.* ¶ 7.

Following the investigation, Petitioner lodged fraud complaints with police in Singapore and Canada, formally complained to HSBC private banking in Singapore, and requested a full investigation along with disclosure of documents and final determinations.[1] *Id.* ¶ 9. The Canadian Family Court ordered both Mr. Mehra and the registered agent at HSBC Singapore to authorize the release of relevant documents. *Id.* ¶¶ 10-11. However, neither entity has complied with those orders. *Id.* Petitioner reached out to Maureen F. Lewis (hereinafter, "Ms. Lewis"), the Co-Head of the Global Internal Investigations Group ("GIIG") of HSBC in an additional effort to

---

[1] Equiom, the company that manages the relevant ownership documents in this case, also filed multiple police reports pertaining to the alleged conduct. Pet. ¶ 8.

2

obtain the documents. *Id.* ¶ 12. Ms. Lewis would not voluntarily disclose the bank account records and documents pertaining to the internal investigation requested by Petitioner.

## 28 U.S.C. § 1782

### I. Statutory Factors

The purpose of 28 U.S.C. § 1782 (hereinafter, the "Statute") is to afford "access to discovery of evidence in the United States for use in foreign proceedings." *In re Edelman*, 295 F.3d 171, 175 (2d Cir. 2002). 28 U.S.C. §1782(a) states, in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal ... [and the] order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

The plain language of the Statute contains three prerequisites: (1) that the person from whom discovery is sought reside (or can be found) in the district of the district court to which the application is made; (2) that the discovery be for use in a proceeding before a foreign tribunal; and (3) that the application be made by a foreign or international tribunal or "any interested person." *In re Sargent*, 278 F.Supp.3d 814, 819 (S.D.N.Y. 2017) (citing *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015)). These three elements, known as the statutory factors, must be met in order for a district court to have jurisdiction in accordance with the Statute.

### II. Discretionary Factors

Should a Petitioner satisfy the statutory elements outlined above, a court must utilize its discretion and determine whether granting the Petition will comport with the "twin aims of the statute," namely "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of

3

assistance to our courts." *In re Children's Investment Fund Foundation (UK)*, 363 F.Supp.3d 361, 367-69 (S.D.N.Y. 2019); *see Schmitz v. Cernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79, 84 (2d Cir. 2004). This analysis is governed by the test promulgated by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). The four *Intel* factors are:

> (1) Whether the person from whom discovery is sought is a participant in the foreign proceeding, in which event the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad;
>
> (2) The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;
>
> (3) Whether the § 1782(1) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and
>
> (4) Whether the request is unduly intrusive or burdensome.

*Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018) (citing *Intel*, 542 U.S. at 264-65). Should a petition satisfy the jurisdictional requirements and the discretionary *Intel* factors, then a district court may grant a petition for foreign aid.

## DISCUSSION

Petitioner seeks two sets of documents. First, Petitioner seeks bank account records pertaining to Mr. Mehra and the entities relevant to the underlying Canadian action. Second, Petitioner seeks all documents pertaining to the internal investigation conducted by HSBC into the alleged conduct of Mr. Mehra.

4

## I. Petitioner Has Not Satisfied the Statutory Factors, and This Court Does Not have Jurisdiction Over the Petition

For the purposes of the instant Petition, Respondent does not contest that the second and third statutory are satisfied. *See* Resp't's Mem. Opp. Pet. ("Opp."). However, Respondent alleges that HBSC Holdings does not reside nor is it found in this district. *Id.* p. 7.

### a. General Jurisdiction

The foundation supporting Petitioner's claim that HSBC Holdings "resides" in this district consists of the allegation that HSBC Holdings has an office in Manhattan at 452 Fifth Avenue, 10th Floor, New York, New York 10018. Pet. ¶ 20. In addition, Petitioner argues that HSBC Holdings is traded on the New York Stock Exchange. *Id.*

Respondent provides Declarations that directly counter Plaintiff's allegations. Pisarczyk Decl. ECF No. 11 ("Pisarczyk Decl.") Respondent alleges that HSBC Holdings is incorporated under the laws of England and Wales, with a registered office in London, England. *Id.* ¶ 3. Respondent specifically refutes Petitioner's claims that HSBC Holdings has an office in New York and states that it is not licensed to conduct business in New York. *Id.* ¶¶ 3-5.

"It is unclear whether § 1782's statutory prerequisite that a person or entity reside or be found in a district is coextensive with whether a court has personal jurisdiction over that person or entity." *In re Sargeant*, 278 F.Supp.3d at 820. However, at a minimum, "compelling an entity to provide discovery under § 1782 must comport with constitutional due process." *Matter of Fornaciari for Order to Take Discovery Pursuant to 28 U.S.C. § 1782*, 2018 WL 679884, at *2 (S.D.N.Y. Jan. 29, 2018) (internal quotations omitted). Courts in this district have analyzed Section 1782 cases involving foreign corporations by applying *Daimler's* reasoning on general personal jurisdiction. *See In re Del Valle Ruiz*, 342 F.Supp.3d 448, 454-55 (S.D.N.Y. 2018); *Daimler AG v. Bauman*, 571 U.S. 117 (2013). Thus, as explained below, to "reside" or be

5

"found" in a district in accordance with Section 1782, "a corporate entity must at the very least be subject to the court's general jurisdiction under *Daimler*." *In re Sargeant*, 278 F.Supp.3d at 821.

As alluded to, the Supreme Court continues to reemphasize the general jurisdiction standard outlined in *Daimler*. 571 U.S. 117. *See BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1557-58 (2017). For the purposes of general jurisdiction, a corporation is "at home" in the forum state when their "affiliations with the state are so continuous and systematic" to render it as such. *Tyrrell*, 137 S.Ct. at 1588. In general, a corporation is "at home" in the place where the corporation is incorporated and where its "principal place of business" lies. *Goodyear Dunlap Tires Operations, S.C. v. Brown*, 564 U.S. 915, 924 (2011). Otherwise, courts should only find general jurisdiction in "exceptional" cases.[2] *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016). In contemplating an "exceptional" case, the *Daimler* Court left open the possibility of a corporation's operations in a forum being "so substantial and of such a nature to render the corporation at home in the state." *Daimler*, 571 U.S. at 161, n.9.

Here, HSBC Holdings is not incorporated, nor does its principal place of business lie in this District. Pisarczyk Decl. ¶ 3. Moreover, HSBC Holdings does not have operations "so substantial and of such a nature to render the corporation at home" in this District. *See Daimler*, 571 U.S. at 161, n.9. For one, HSBC Holdings is not a bank. *Id.* ¶ 6. Rather, it is a holding company that does not engage in routing or transfers of currencies into account holder's bank accounts. *Id.* Petitioner provides no additional information that could lead the Court to determine otherwise. *See* Pet. ¶ 20. Further, the office space cited by Petitioner is one "leased by a United States-based entity that is an indirect subsidiary of HSBC Holdings plc." Lewis Decl. ¶ 3, ECF

---

[2] "[I]f a business entity could be subject to personal jurisdiction anywhere it maintains a physical presence – i.e., an office – then *Daimler's* holding would be rendered meaningless." *In re Sargeant*, 278 F.Supp.3d at 821.

No. 11 ("Lewis Decl."). HSBC Holdings itself "currently has no offices, branches, or other regular place of business in New York or in any other state in the United States ..." and it is "not licensed to conduct business in New York or any other state in the United States." Pisarczyk Decl. ¶¶ 4-5. Courts in this district have found Petitioners to have failed to make a prima facie showing supporting the exercise of general jurisdiction on arguments supported by similar facts. *See NYPL v. JP Morgan Chase & Co.*, 2018 WL 1472506, at *2-5 (S.D.N.Y. Mar. 22, 2018); *Fornaciari*, 2018 WL 679884, at *2; *see also In re Masters*, 315 F.Supp.3d 269, 277 (D.D.C. 2018). Relying on Respondent's sworn statements, Petitioner cannot make a prima facie showing of general jurisdiction over HSBC Holdings.

### b. Specific Jurisdiction

Petitioner posits that, even in the absence of general jurisdiction, this Court can "exercise specific jurisdiction over HSBC Holdings under the circumstances here." Pet. ¶ 21. Petitioner cites to *Gucci Am., Inc. v. Li*, 768 F.3d 122, 137 (2d Cir. 2014) in support of the proposition. While *Gucci* does not address specific jurisdiction within the context of 17 U.S.C. § 1782,[3] courts have discussed its logic in Section 1782 cases. *See Australia and New Zealand Banking Group Ltd. v. APR Energy Holding Ltd.*, 2017 WL 3841874, at *5 (S.D.N.Y. Sept. 1, 2017). In *APR Energy*, the court acknowledged that "[t]he case law regarding specific personal jurisdiction in the context of nonparty discovery is sparse and unsettled." *Id.* (collecting cases). *If* the specific jurisdiction inquiry is one allowed under the Statute, courts address the question of specific jurisdiction by "focusing on the connection between the nonparty's contacts with the forum and the discovery order at issue. *Id.* (citing *Gucci*, 768 F.3d at 141); *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) ("Notwithstanding these considerations, the constitutional

---

[3] "Even without general personal jurisdiction, the district court may be able to require BOC's compliance with the Asset Freeze Injunction by exercising specific jurisdiction." *Gucci Am., Inc. v. Li*, 768 F.3d 122, 136 (2d Cir. 2014)

7

touchstone remains whether the defendant purposefully established "minimum contacts" in the forum.")

Here, the nexus between HSBC Holdings' contacts with the district and the subject matter of the discovery sought under the Statute is attenuated at best. *See Burger King*, 471 U.S. at 475 ("This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts."). As stated, the subject matter of the documents pursued is twofold: Petitioner seeks (1) bank account records and (2) documents pertaining to the internal investigation conducted regarding Mr. Mehra's conduct. First, the bank account records desired by Petitioner are from the Singapore Branch of the Hong Kong and Shanghai Banking Corporation Ltd. ("HBAP"). Lewis Decl. ¶ 5; Opp. p. 16; Pet. ¶ 9. Petitioner does not claim that the bank account records are held within this district. *See* Pet. Second, in requesting the documents pertaining to the internal investigation into the behavior of Mr. Mehra and Mr. Ganesan – an investigation sparked by the complaint filed by Petitioner in the Singapore Branch of the HBAP – Petitioner is seeking documents that are the product of an investigation conducted outside the United States. Lewis Decl. ¶ 5. For all the records sought, the only connection between this forum and the discovery requested is Ms. Lewis, the Co-Head of the GIIG, who happens to work out of an office space in New York. *Id.* ¶¶ 1, 3. However, Ms. Lewis did not "personally review or access the underlying documents that were considered in connection with the investigation." *Id.* ¶ 6. In addition, the bank account records sought were "outside the scope" of the investigation performed by HBAP. *Id.* ¶. 7. Thus, the fact that Ms. Lewis works out of an office in New York and had general oversight over a foreign investigation is not sufficient to demonstrate minimum contacts with this forum in the instant case. *See Burger King*, 471 U.S. at 474.

## CONCLUSION

Due to the lack of jurisdiction, general or specific, the Petitioner has failed to satisfy the statutory factors outlined in 28 U.S.C. § 1782. Thus, this Court need not delve into an analysis of the discretionary *Intel* factors. *See Intel*, 542 U.S. at 264-65.

For the aforementioned reasons, Petitioner's Application for an Order Granting Aid to Litigants in Foreign Litigation Pursuant to 28 U.S.C. Section 1782 is hereby **DENIED**.

**SO ORDERED.**

**Dated:** **New York, New York**
**July 29, 2019**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**